[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————

No. 06-16087
Non-Argument Calendar

————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 20, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-80058-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADAM McDANIEL,

Defendant-Appellant.

————————

Appeal from the United States District Court
for the Southern District of Florida

————————

**(December 20, 2007)**

Before DUBINA, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Adam McDaniel appeals his 120-month sentence for interstate travel to engage in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). McDaniel contends that we should vacate his sentence and remand this case to the district court because (1) the district court misrepresented U.S.S.G. § 2G1.3(b)(3)(A), and (2) his sentence was unreasonable.[1]

According to the presentence investigation report ("PSI"), McDaniel met "C" in an internet chatroom. McDaniel was 19 years old when he met "C," and he knew that she was 12 years old. McDaniel later learned that "C" was a rape victim. For about a year and a half, McDaniel and "C" communicated via chatrooms, e-mails, and cellular telephones. Eventually, their contact became romantic in nature, and McDaniel arranged to travel from Texas to Florida to have sexual activity with "C." "C"'s father discovered that McDaniel was communicating with his daughter, so he contacted McDaniel, informed him that his daughter was 14 years old, and asked him to stay away from her. McDaniel said he would leave "C" alone, yet he continued with his plans to meet "C." Subsequently, McDaniel flew from Texas to Florida to meet "C." Eventually, he

---

[1]In an order filed on November 2, 2007, we directed the parties to file supplemental briefs addressing the reasonableness of McDaniel's sentence. The parties complied with our order.

took her to a hotel room where McDaniel and "C" had sexual contact, but not intercourse.

According to the PSI's offense level calculation, under U.S.S.G. § 2G1.3, the base offense level for McDaniel was 24. Under § 2G1.3(b)(3)(A), there was a two-level enhancement because the offense level involved the use of a computer to induce the minor to engage in prohibited sexual conduct. Under U.S.S.G. § 2G1.3(b)(4)(A), there was a two-level enhancement because the offense involved sexual contact. McDaniel qualified for a two-level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, and a one-level reduction under U.S.S.G. § 3E1.1(b) for notifying the government of his intention to plead guilty. With a total offense level of 25 and a criminal history category of I, the probation officer determined that the applicable guideline range was 57 to 71 months imprisonment. The statutory imprisonment range was 0 to 30 years. The district court sentenced McDaniel to 120 months imprisonment. McDaniel challenges the reasonableness of his sentence on appeal.

Sentences imposed under an advisory guideline system are reviewed for "unreasonableness." *United States v. Booker*, 543 U.S. 220, 261, 125 S. Ct. 738, 765 (2005) (brackets omitted). However, before deciding whether a sentence is reasonable, the court first decides whether the district court correctly interpreted

3

and properly applied the guidelines to calculate the appropriate guidelines range. *United States v. Crawford*, 407 F.3d 1174, 1178 (11th Cir. 2005). We review de novo the question whether the district court misapplied the guidelines range. *United States v. McVay*, 447 F.3d 1348, 1353 (11th Cir. 2006).

After reviewing the record and reading the parties' briefs, we first conclude that the district court correctly calculated the advisory guidelines range. The applicable guideline requires a two-level enhancement if the offense involved the use of a computer or an interactive computer service to persuade or induce a minor to engage in prohibited sexual conduct. McDaniel's argument that the guideline applied only if the computer is used to persuade or induce the minor to travel to engage in prohibited sexual conduct is contrary to the plain language of U.S.S.G. § 2G1.3(b)(3). Even if, however, we concluded that the district court's application of U.S.S.G. § 2G1.3(b)(3) was erroneous, the error would be harmless because the district court announced that it would impose the same sentence even without the enhancement.

Finally, we conclude that McDaniel's sentence was reasonable even though it was a 49-month upward variance from the top of the guideline range. We base our conclusion on the fact that the district court (1) explicitly considered many of the 18 U.S.C. § 3553(a) factors; (2) found that the properly-calculated advisory

4

guideline range was inadequate because it did not adequately reflect the seriousness of the crime, the need to provide adequate deterrence, and the need to promote respect for the law; and (3) imposed a sentence 20 years below the statutory maximum for the offense, which was 30 years. 18 U.S.C. § 2423(b).

For the above-stated reasons, we affirm McDaniel's sentence.

**AFFIRMED.**